OPINION *Page 2 
{¶ 1} Defendant-appellant, Wilburn Martin, appeals his conviction and sentence from the Stark County Court of Common Pleas on one count each of felonious assault, attempted aggravated arson and attempted arson. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 21, 2007, the Stark County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, one count of attempted aggravated arson in violation of R.C. 2923.02(A) and 2909.02(A)(1), a felony of the second degree, and one count of attempted arson in violation of R.C. 2923.02(A) and 2909.03(A)(1), a felony of the fifth degree. At his arraignment on May 25, 2007, appellant entered a plea of not guilty to the charges.
 {¶ 3} Subsequently, a jury trial commenced on July 5, 2007. The following testimony was adduced at trial.
 {¶ 4} On April 12, 2007, Sherman Laney, who is employed by North Canton Transfer as a truck driver, was delivering gasoline to the BP Station at 38th Street and Cleveland Avenue a little before 3:00 a.m. Laney had just hooked up the hoses from his tanker truck and inserted one end of the hoses into holes leading to the underground gasoline storage tanks. After hooking up the hoses to the no lead gasoline tanks, Laney was walking over to the mid grade gasoline tanks when he noticed appellant running around the front of the truck towards him. According to Laney, appellant "went right to the no lead, went to his knees, and stuck his hand right in between the fittings and inside the well and acted like he was trying to do something there." Transcript Volume 2 at 11. *Page 3 
 {¶ 5} Laney testified that he then charged appellant and told him to get out of there, and that appellant then said that he wanted a smoke. The following is an excerpt from Laney's testimony at trial:
 {¶ 6} "Then he lit a lighter and went for the no lead. Uh, he got real close, too close. Uh, you're not even allowed to smoke within 25 feet of us cause the danger of a fire from the fumes. He got too close. I got — I pushed him out of the way again. Then he just wouldn't go away; he just kept coming. I pushed him, worked him to the end of the truck, and uh, I realized I got enough space between him and I realized I had my phone in my pocket so I brought out my phone and dialed 911. I had it on the green button; I told him you better leave now. He didn't want to leave, and he told me he would blow us up, blow — he'd blow me up and him too cause he didn't care, he was crazy.
 {¶ 7} "Uh, and then I just said, Well, that's it, I pressed — dialed 911. I pressed the green button on my phone. Then he said, Ah, you'll be dead before they answer it." Transcript Volume 2 at 12.
 {¶ 8} Laney testified that appellant came at him one more time and that he backed off. Appellant then "just smirked" at Laney and walked away. Transcript Volume 2 at 13.
 {¶ 9} Laney called 911, provided a description of appellant and advised the dispatcher of the direction that appellant was walking. The Stark County Sheriff was dispatched and found appellant, who appeared to be intoxicated and whose speech was slurred, walking down Cleveland Avenue. Laney identified appellant as the person who had threatened him and filled out a statement. *Page 4 
 {¶ 10} On cross-examination, Laney testified that he was unable to say whether appellant had anything in his hand when appellant went to the fill tank.
 {¶ 11} Deputy Robert First of the Stark County Sheriff's Office testified that he received a call regarding the BP at 38th and Cleveland Avenue N.W. Deputy First testified that after another deputy located appellant walking down Cleveland Avenue, Deputy First put Laney in his cruiser and drove him to where appellant was located. Laney then identified appellant. Deputy First testified that when appellant was patted down, three lighters were found in his right front pocket, but no cigarettes were found. According to Deputy First, "as we were placing [appellant] back in the car, the only statement he made to us was that alls he wanted was a cigarette, he didn't threaten anybody." Transcript Volume 2 at 52.
 {¶ 12} The next witness to testify was Dan Wright, the safety director for North Canton Transfer, who outlined the dangers associated with delivering gasoline. Wright testified that if there was an explosion at the BP station, the people in the general vicinity would be burned to death and a half mile would have to be evacuated. According to Wright, the truck that Laney was driving that night was worth approximately $120,000.00 and the truck would be destroyed in an explosion. Wright further testified that anything within 500 feet of the BP station would be damaged.
 {¶ 13} Appellant then took the stand in his own defense. He testified that he was on his way to McDonald's on April 12, 2007 and that he walked over to Laney and asked him for a cigarette. He further testified that he left after Laney told him to do so. Appellant denied that he ever struck a lighter and denied ever threatening to kill Laney or to kill himself. He further stated that he did not have cigarettes on him. *Page 5 
 {¶ 14} At the conclusion of the evidence and the end of deliberations, the jury, on July 6, 2007, found appellant guilty of all of the charges. The jury further found that the value of the property involved was more than $100,000.00. Pursuant to a Judgment Entry filed on July 13, 2007, appellant was sentenced to an aggregate prison sentence of five (5) years.
 {¶ 15} Appellant now raises the following assignment of error on appeal:
 {¶ 16} "WHETHER THE JURY VERDICT FINDING APPELLANT GUILTY OF FELONIOUS ASSAULT, ATTEMPTED AGGRAVATED ARSON AND ATTEMPTED ARSON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 I {¶ 17} Appellant, in his sole assignment of error, argues that his convictions for felonious assault, attempted aggravated arson and attempted arson are against the manifest weight of the evidence. We disagree.
 {¶ 18} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the *Page 6 
trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 19} As is stated above, appellant was convicted of one count each of felonious assault, attempted aggravated arson and attempted arson. R.C. 2903.11, the felonious assault statute, states, in relevant part, as follows: "(A) No person shall knowingly do either of the following: . . . (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 20} R.C. 2909.02 defines the crime of aggravated arson. Under R.C.2909.02(A)(1) "No person, by means of fire or explosion, shall knowingly do any of the following(1) Create a substantial risk of serious physical harm to any person other than the offender * * *"
 {¶ 21} R.C. 2909.03, the arson statute, states, in relevant part, as follows:
 {¶ 22} "(A) No person, by means of fire or explosion, shall knowingly do any of the following: (1) Cause, or create a substantial risk of, physical harm to any property of another without the other person's consent . . ."
 {¶ 23} Pursuant to R.C. 2901.22(A) "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 24} Finally, R.C. 2923.02(A) provides a definition of attempt: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the *Page 7 
commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 25} Appellant, in his brief, contends that Laney's version of events is not credible. Appellant argues that the officers who apprehended appellant did not observe any behavior that would indicate that appellant was attempting to harm himself or others. Appellant also points out that Laney testified that using a cell phone within twenty five feet of a gas pump could cause an explosion and notes that there was no explosion even though appellant allegedly lit his lighter within twelve inches from the pump. Appellant, in his brief, further argues, in relevant part, as follows:
 {¶ 26} "Further, Mr. Wright testified with respect to the inherent dangers that it was very unlikely that there would be an explosion at the point in time that Laney described what Appellant was alleged to have done. As such, without an explosion, or the substantial risk of one, there would be no felonious assault to Laney, no substantial risk of damage to an individual per the arson statute, nor risk to any property in excess of $500.00 or more."
 {¶ 27} However, upon our review of the record, we cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. As is set forth above, Laney testified that appellant lit a lighter and got close to the no lead gasoline tank and hose and that appellant threatened to blow him up. Laney further testified that appellant stated that Laney would be dead before his 911 call was answered. The jury, as trier of fact, was in the best position to assess Laney's credibility and clearly found him to be more credible than appellant. Moreover, there was testimony adduced at trial that if appellant had been *Page 8 
successful and an explosion had occurred, the results would be catastrophic to both people living nearby and to property. As is stated above, Wright testified that anyone in close vicinity would be burned to death and also testified that the heat from an explosion would burn anything within 500 feet. While appellant did not cause physical harm to anyone, it is the attempt to cause physical harm that is relevant. SeeState v. Johnson, Cuyahoga App. No. 81814, 2003-Ohio-4180, reversed on other grounds (finding that merely because ineptly made firebomb did not result in fire or explosion or damage did not bar conviction for arson to property). From the evidence adduced at trial, we cannot say that the jury lost its way in finding that appellant attempted to cause physical harm.
 {¶ 28} In short, upon our review of the entire record, we cannot say that the trier of fact clearly lost its way and created a manifest miscarriage of justice in convicting appellant of felonious assault, attempted aggravated arson and attempted arson. Based on the foregoing, we find that appellant's convictions for felonious assault, attempted aggravated arson and attempted arson were not against the manifest weight of the evidence. *Page 9 
 {¶ 29} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 30} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J. Gwin, P.J. and Wise, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1